1
2
3
4
5
6
7
8
9

Ethan D. Thomas, Esq.
Nevada Bar No. 12874
Emil S. Kim, Esq.
Nevada Bar No. 14894
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:    702.862.8800
Fax No.:        702.862.8811
edthomas@littler.com
ekim@littler.com

Attorneys for Defendant
SPIRIT AIRLINES, INC.

10
11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

12
13
14
15
16
17

TIFFANY LUNA (an individual),

        Plaintiff,

v.

SPIRIT AIRLINES, INC., a foreign
corporation,

        Defendant.

Case No. 2:24-cv-00572-ART-MDC

**STIPULATION AND [PROPOSED]
ORDER TO STAY DISCOVERY**

**(FIRST REQUEST)**

18
19
20
21

      Plaintiff Tiffany Luna ("Plaintiff") and Defendant Spirit Airlines, Inc. ("Defendant") (together, the "Parties"), by and through their respective counsel of record, hereby agree and stipulate to stay discovery in this matter pending the Court's ruling on the following pending motions:

22

      •   Plaintiff's Motion to Remand to State Court (ECF No. 8); and

23

      •   Defendant's Motion to Dismiss (ECF No.5).

24
25
26
27

      The Parties are cognizant of the intra-district split of authority surrounding the relevant standard to stay discovery in the District of Nevada. *See Flynn v. Nevada*, 345 F.R.D. 338, 346–47 (D. Nev. 2024) (recognizing the majority and minority approaches within the District of Nevada). The majority of courts in this district follow the preliminary-peek standard, set forth in

28

4893-9383-3166.1 / 060355-1131

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES PKWY
SUITE 300
LAS VEGAS, NV  89169.5937
702.862.8800

1    *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013).  *See, e.g.*, *Reiner*, 2023 WL

2    5726263, at *2.  The minority of Courts in this district apply the good-cause standard.[1]

3         Courts have broad discretion to control discovery, including to stay or initiate discovery.

4    *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *PlayUp, Inc. v. Mintas*, 635 F.

5    Supp. 3d 1087, 1096 (D. Nev. 2022); *Reiner v. CVS Pharmacy, Inc.*, No. 2:22-cv-00701-RFB-EJY,

6    2023 WL 5726263, at *2 (D. Nev. Aug. 23, 2023).  Rule 1 of the Federal Rules of Civil Procedure

7    ultimately guides the analysis and ensures the "just, speedy, and inexpensive determination of every

8    action."  *Reiner*, 2023 WL 5726263, at *2; *State Farm Mut. Auto. Ins. Co. v. Hudson*, No. 2:22-cv-

9    02123-RFB-EJY, 2023 WL 3061552, at *2 (D. Nev. Apr. 24, 2023).  Considering Rule 1's mandate

10   to promote a speedy *but inexpensive* determination of each action, the Court must determine

11   whether it is more fair to speed the parties along in discovery in the face of dispositive motions or

12   delay discovery to promote a less expensive determination of the case.  *Turner Broadcasting Sys.,*

13   *Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); Fed. R. Civ. P. 26(c)(1) (courts may,

14   for good cause, issue an order to protect any party from undue burden or expense, including

15   postponing discovery or disclosure).

16        Two factors guide the Court's analysis of this request to stay discovery: (1) whether the

17   motions are "potentially dispositive" of each of the LaPeers' claims; and (2) whether resolving the

18   pending motions requires additional discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603

19   (D. Nev. 2011); *Kor Media Group, LLC*, 294 F.R.D. at 582–83.  In assessing the above factors, the

20   Court takes a "preliminary peek" into the merits of the pending motions to dismiss.  This initial

21   peek into the pending motions is not intended to prejudge the outcome of the pending motions.  It

22   merely evaluates whether the requested stay promotes the goals of Rule 1.  *Tradebay, LLC*, 278

23   F.R.D. at 603.  If the Court's preliminary peek into the pending motions raise a "real question"

---

[1] The good cause standard purports to encompass more than just a preliminary peek into the merits of defendant's motion to dismiss in its assessment of a request to stay discovery.  *See Gibson v. MGM Resorts Int'l*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726, at *3 (D. Nev. July 11, 2022).  In addition to the strength of the pending motion to dismiss, the good cause standard also considers whether discovery would be premature, would create prejudice, or would cause undue burden and expense.  *Id.*; *Schrader v. Wynn Las Vegas, LLC*, No. 219-cv-02159-JCM-BNW, 2021 WL 481034, at *3–*4 (D. Nev. Oct 14, 2021).  Nevertheless, a strong showing of merit through a preliminary peek at a motion to dismiss may still warrant a stay even under the good cause standard.  *Gibson*, 2023 WL 4455726, at *3.

4893-9383-3166.1 / 060355-1131

1    about the merits of Complaint, it may grant the stay "to accomplish the inexpensive determination

2    of the case."  *Davis v. Nevada*, No. 3:13-cv-005595-MMD-WGC, 2014 WL 1308347, at *2 (D.

3    Nev. Mar. 31, 2014) (quoting *Tradebay*, 278 F.R.D. at 603).

4          Here, the Parties agree that both of the pending motions are dispositive of the action in this

5    Court. Should Plaintiff's Motion for Remand be granted, then the case will be remanded to State

6    Court for further proceedings. Should Plaintiff's Motion for Remand be denied, but Defendant's

7    Motion to Dismiss be granted, then Plaintiff's sole claim will be resolved. Furthermore, the Parties

8    agree that no further discovery is needed for the Court to resolve the pending motions. The

9    allegations in the Complaint provide everything the Court needs to decide both pending motions.

10         While the Parties disagree on the merits of each other's respective motions, the Parties do

11   agree that commencing discovery when the case could potentially be remanded back to State Court

12   or be dismissed in its entirety would be premature, prejudicial, and would cause undue burden and

13   expense to the Parties. Accordingly, under both standards, a stay of discovery pending the

14   resolution of both motions is warranted.

15   ///

16   ///

17   ///

18   ///

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES PKWY
SUITE 300
LAS VEGAS, NV 89169.5937
702.862.8800

4893-9383-3166.1 / 060355-1131                                3

The Parties therefore agree and stipulate that:

1.    Discovery in this action—including the Parties' Rule 26(f) Conference and Joint Discovery Plan—shall be stayed pending a decision on the above-referenced motions; and

2.    Should the Court's order resolving Plaintiff's pending Motion to Remand or the Court's order resolving Defendant's Motion to Dismiss not result in a remand to state court or a full dismissal of all of Plaintiff's claims, then (i) the stay of discovery shall be lifted upon resolution of the latest of the two motions, (ii) the Parties shall conduct a Rule 26(f) conference within fourteen (14) days after lifting the stay, and (iii) the Parties shall file a proposed Discovery Plan and Scheduling Order within twenty-one (21) calendar days after the lifting of the stay.

Dated: July 31, 2024                                      Dated: July 31, 2024
PAUL PADDA LAW, PLLC                        LITTLER MENDELSON, P.C.


 /s/ Paul S. Padda                                         /s/ Emil S. Kim
Paul S. Padda, Esq.                                     Ethan D Thomas, Esq.
                                                                  Emil S. Kim, Esq.
Attorneys for Plaintiff
TIFFANY LUNA                                           Attorneys for Defendant
                                                                  SPIRIT AIRLINES, INC.


**IT IS SO ORDERED.**

Dated: ___August 2_____, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON P.C.
3960 HOWARD HUGHES PKWY
SUITE 300
LAS VEGAS, NV 89169.5937
702.862.8800

4893-9383-3166.1 / 060355-1131

4